UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BING! INFORMATION DESIGN, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. |
| | ) | |
| | ) | Circuit Court of the City of St. Louis, |
| | ) | Missouri; Cause No. 0922-AC18341 |
| MICROSOFT CORPORATION, | ) | |
| | ) | <u>JURY TRIAL DEMANDED</u> |
| Defendant. | ) | |

<u>NOTICE OF REMOVAL</u>

To:    The Judges of the United States District Court for the Eastern District of Missouri

and

Anthony G. Simon
John G. Simon
Stephanie H. To
The Simon Law Firm, P.C.
701 Market Street, Suite 1450
St. Louis, MO 63101
314-241-2929
314-241-2029 (Fax)
asimon@simonlawpc.com
jsimon@simonlawpc.com
sto@simonlawpc.com

*Attorneys for Plaintiff*

TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Microsoft Corporation hereby removes to the United States District Court for the Eastern District of Missouri the action styled, Bing! Information Design, LLC, v. Microsoft Corporation, Cause No. 0922-AC18341, currently pending in the Circuit Court of the City of St. Louis, Twenty-Second Judicial Circuit, State of Missouri. As grounds for this removal under diversity of citizenship, 28 U.S.C. § 1332, defendant respectfully states as follows:

Dockets.Justia.com

## THE REMOVED CASE

1.      The removed case is a civil action filed on or about December 15, 2009, in the Circuit Court of the City of St. Louis, Twenty-Second Judicial Circuit, State of Missouri, having been assigned Cause No. 0922-AC18341, and styled, *Bing! Information Design, LLC, v. Microsoft Corporation*, See Exhibit A, Petition.

2.      Plaintiff's Petition in the removed case consists of allegations that Plaintiff sustained damages resulting from common law trademark infringement, violations of MO. REV. STAT. § 417.056, and tortious interference with business expectancy.

## PAPERS FROM REMOVED ACTION

3.      As required by 28 U.S.C. § 1446(a) and Local Rule 81-2.03, Exhibit A is the Petition and a copy of the state court file for the removed case, including "a copy of all process, pleadings, orders, and other documents on file in the State Court." *See* L.R. 81-2.03.

## THE REMOVAL IS TIMELY

4.      Microsoft has not been served with a Summons, which issued to Plaintiff on December 23, 2009.  This Notice of Removal is filed within thirty (30) days of the filing of this action and, therefore, is timely under 28 U.S.C. § 1446(b).

## THE VENUE REQUIREMENT IS MET

5.      Venue of this removal is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to the place where the state court action was pending.

## DIVERSITY OF CITIZENSHIP EXISTS BETWEEN
## THE PROPERLY-JOINED PARTIES

6.    This is a civil action that falls under the Court's original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship) and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446.

7.    At the time this suit was filed on December 15, 2009, Plaintiff was and continues to be a limited liability company formed under the laws of the State of Washington.[1]  *See* Exhibit A, ¶ 1.  The sole member of plaintiff was and continues to be the Telford Joint Revocable Trust. *See* Exhibit B, Declaration of David W. Harlan, ¶¶4-8.  John Telford and Ti-Leigh Telford were and continue to be trustees of the Telford Joint Revocable Trust.  *Id*. at ¶7.  John Telford and Ti-Leigh Telford were and continue to be citizens of the state of Florida residing at 5017 City Street, #1914, Orlando, Florida, 32839.  *Id*. at ¶¶10-11.  At the time of filing this suit, Plaintiff was and continues to be a citizen of the State of Florida.  *Onepoint Solutions, LLC, v. Borchert*, 584 F.3d 342, 346-47 (8th Cir. 2007) ("An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members"); *Hicklen Engineering, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006) ("The citizenship of a trust is that of the trustee . . .").[2]

8.    At the time this suit was filed on December 15, 2009, Defendant, Microsoft Corporation, was and continues to be a corporation organized and existing under the laws of the State of Washington.  Defendant's principle place of business was and continues to be in

---

[1]Plaintiff's maneuvers to avoid removal to this court include (1) forming itself, just weeks before filing suit, as a limited liability company in Washington, which is Defendant's state of citizenship; (2) becoming the successor by merger of a Florida LCC by the same name; and (3) failing to plead the diverse citizenship of its members.

[2]In determining diversity jurisdiction for removal purposes, the Court can consider the pleadings and supporting affidavits.  *Parnas v. General Motors Corp.*, 879 F.Supp 91, 92-93 (E.D.Mo. 1995); *National Inspection & Repairs, Inc. v. George S. May Int'l Company*, 202 F.Supp. 1238, 1241 (D. Ka. 2002)

Redmond, Washington.  *See* Exhibit C, Declaration of Peter Becker.  Microsoft, thus, was and continues to be a citizen of the State of Washington.

THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED

9.     A district court has original diversity jurisdiction where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . ."  28 USC §1332(a).

10.     Plaintiff's petition alleges damages, but does not allege a specific amount of damages.  Plaintiff also seeks punitive damages. Ex. A at p. 7.[3]  The party seeking to remove . . . has the burden to prove the requisite amount [in controversy] by a preponderance of the evidence.  (citations omitted)  This standard applies regardless of whether the "the complaint alleges no specific amount of damages or an amount under the jurisdictional minimum."  *Bell v. Hershey Company*, 557 F.3d 953, 956 (8th Cir. 2009).   "The district court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000.00."  *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002).  Accordingly, in cases where a plaintiff's petition does not specify the amount of damages sought, "the jurisdictional fact . . . is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are."  *Quinn v. Kimble*, 228 F.Supp. 2d 1038, 1040 (E.D. MO 2002).

11.     In the course of discussions with Microsoft representatives concerning its claim, Plaintiff has demanded in writing an amount greater than $75,000, exclusive of interest and costs to settle and dismiss this claim.  *See* Exhibit C, Declaration of Peter Becker and attached e-mail,

---

[3]Punitive damages are capped at the greater of $500,000 or five times the net amount of judgment.  R.S. Mo. § 510.265.1.  Accordingly, a fact finder could reasonably conclude that Plaintiff's damages exceed $75,000.  *See*, *e.g., State ex el. Pemiscot County v. Western Surety Co.*, 51 F.3d 170, 173 (8th Cir. 1995) (punitive damages and attorneys fees included in determining the amount in controversy for purpose of removal jurisdiction).

Anthony Simon to Peter Becker, dated December 29, 2009, Subject: Settlement Offer Bing v. Microsoft Case. (Under Seal). *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (holding that a settlement demand letter "is relevant evidence of the amount in controversy" and "is sufficient to establish the amount in controversy").

12.    Plaintiff also seeks "that [Microsoft] account for and pay over to Plaintiff all gains, profits, and advantages derived by [Microsoft] from such infringement."

13.    Based on the foregoing, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and, accordingly, meets this Court's jurisdictional requirement.

## REMOVAL IS PROPER

14.    The state court action may be removed to this Court by Defendant in accordance with the provisions of 28 U.S.C. § 1441(a) and (b) because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Eastern District of Missouri; (ii) this action is between citizens of different states, none of whom are Missouri citizens; and (iii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## FILING OF REMOVAL PAPERS

15.    Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action has been given simultaneously to Plaintiff's counsel, and a Notice to Clerk of Removal has been simultaneously filed with the Circuit Court for the City of St. Louis, Twenty-Second Judicial Circuit, State of Missouri.

## CONCLUSION

WHEREFORE, Defendant Microsoft Corporation does hereby remove the above-captioned action from the Circuit Court for the City of St. Louis, Twenty-Second Judicial Circuit, State of Missouri, and requests that further proceedings be conducted in this Court as provided by law.

Dated:   January 14, 2010                    SENNIGER POWERS LLP


                                    By:  _/s/ David W. Harlan_____
                                         David W. Harlan, # 3322
                                         Robert M. Evans, Jr., # 3078
                                         100 North Broadway, 17th Floor
                                         St. Louis, Missouri 63102
                                         (314) 231-5400 (phone)
                                         (314) 231-4342 (facsimile)
                                         dharlan@senniger.com
                                         revans@senniger.com

                                         *Attorneys for Defendant*
                                         *Microsoft Corporation*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 14, 2010, a true and correct copy of the foregoing document was sent via hand-delivery and first class mail, postage prepaid, to:

Anthony G. Simon
John G. Simon
Stephanie H. To
The Simon Law Firm, P.C.
701 Market Street, Suite 1450
St. Louis, MO 63101
314-241-2929
314-241-2029 (Fax)
*Attorneys for Plaintiff*


                              By:__/s/ David W. Harlan_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

BING! INFORMATION DESIGN, LLC,        )
                                      )
                    Plaintiff,        )
            v.                        )     **Case No.**
                                      )
                                      )     Circuit Court of the City of St. Louis,
                                      )     Missouri; Cause No. 0922-AC18341
MICROSOFT CORPORATION,                )
                                      )     **JURY TRIAL DEMANDED**
                    Defendant.        )

**PROOF OF FILING NOTICE OF REMOVAL IN STATE COURT**

        This is to certify that Defendant Microsoft Corporation's Notice of Removal in the

above-styled cause of action has been filed for the record in the Circuit Court of the City of St.

Louis, Twenty-Second Judicial Circuit, State of Missouri.   A file-stamped copy of the notice

filed in State Court is attached hereto.


Dated:  January 14, 2010                    SENNIGER POWERS LLP


                                            By:   __/s/ David W. Harlan_____
                                                  David W. Harlan, #3322
                                                  Robert M. Evans, Jr., #3078
                                                  100 North Broadway, 17th Floor
                                                  St. Louis, Missouri 63102
                                                  Tel:  (314) 231-5400
                                                  Fax:  (314) 231-4342
                                                  dharlan@senniger.com
                                                  revans@senniger.com

                                                  *Attorneys for Defendant*
                                                  *Microsoft Corporation*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on January 14, 2010, a true and correct copy of the foregoing document was sent via hand-delivery and first class mail, postage prepaid, to:

Anthony G. Simon
John G. Simon
Stephanie H. To
The Simon Law Firm, P.C.
701 Market Street, Suite 1450
St. Louis, MO 63101
314-241-2929
314-241-2029 (Fax)

*Attorneys for Plaintiff*

By:   /s/ David W. Harlan
David W. Harlan
*Attorney for Defendant*
*Microsoft Corporation*